UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEILA A. CYMAN,

                    Plaintiff,

            **DECISION AND ORDER**
v.                              17-CV-571-A

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

---

Plaintiff Sheila A. Cyman ("Plaintiff") brings this action pursuant to the Social Security Act for review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") that denied her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (Dkt. No. 1). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The parties each moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. Nos. 10 and 15). Upon consideration of the record, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for remand and DENIES the Commissioner's motion.

## DISCUSSION

The Court reviews the record to determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). The Court assumes the parties' familiarity with the prior proceedings and the issues before the Court in this short ruling on their cross-motions for judgment on the pleadings.

An Administrative Law Judge, William M. Weir (the "ALJ"), found Plaintiff ineligible for benefits by concluding that a severe impairment due to a broken ankle, in combination with some mental impairments, did not render Plaintiff disabled because he found that other work exists in significant numbers in the national economy that Plaintiff could perform. *See* (Tr. 542-43). Unfortunately, the ALJ committed a procedural error in evaluating plaintiff's alleged multiple impairments, and the record does not allow the Court to determine whether the error was a harmless error.

An ALJ is to conduct the following "five step, sequential evaluation" to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant bears the burden of proving her case at steps one through four. *Id.* The burden of proof shifts to the Commissioner at step five. *Id.*

When a claimant allegedly suffers mental impairments, the ALJ is also required to use a "special technique" (it is sometimes called the "psychiatric review technique") at the second and third steps of the five-step evaluation to determine whether the claimant has any severe mental impairments and whether such impairments meet or equal an

2

impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520a. This special technique applies at each stage of administrative review. *Id.*

The special technique first requires the ALJ to assess the claimant's degree of functional limitation resulting from a mental impairment in four "broad functional areas" identified in the "paragraph B" of the adult mental disorders listings. *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); *see* SSR 96–8p, 1996 WL 374184, at *4. Those four functional areas are: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and, adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a (c)(3). "[I]f the degree of limitation in each of the first three areas is rated 'mild' or better, [and the evidence otherwise does not indicate that there is more than a minimal limitation in your ability to do basic work activities, then the reviewing authority will conclude that claimant's mental impairment is not 'severe' and will deny benefits." *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (citing 20 C.F.R. § 404.1520a(d)(1) as amended). If the claimant's mental impairment is severe, the reviewing authority will determine whether the impairment meets or is equivalent in severity to any listed mental disorder. *Id.* If so, the claimant will be found to be disabled; if not, reviewing authority then proceeds to assess the claimant's residual functional capacity. 20 C.F.R. § 404.1520a(d)(3). The regulation at § 404.1520a "require[s] the ALJ's written decision to reflect application of the [special] technique, and explicitly provide[s] that the decision 'must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.'" *Kohler*, 546 F.3d at 266 (quoting former 20 C.F.R. § 404.1520a(e)(2)).

3

When a claimant alleging physical and mental impairments also allegedly suffers ill-effects of drug or alcohol abuse, the disability determination becomes even more involved because the Social Security Act provides that a claimant "shall not be considered disabled . . . if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled". 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 416.935(a), 404.1535(a); see SSR 13-2p. In such a case, the ALJ first assesses whether the claimant's physical and mental impairments result in disability while taking account of the ill-effects of drug and alcohol abuse during the five-step evaluation using the special technique, and then determines whether the claimant's impairments would stop or diminish if the claimant stopped drug and alcohol abuse. 20 C.F.R. § 416.935.

To determine whether alcoholism or drug addiction is a "material" factor, an ALJ is required to apply the following standards:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

4

20 C.F.R. §§ 416.935(b), 404.1535(b).

The parties' primary dispute is whether the ALJ was required to make an alcoholism-materiality determination. The Commissioner argues the determination was not required because the ALJ properly considered the assumed impact of Plaintiff's chronic alcoholism and found Plaintiff not disabled even when taking full account of all of her substance-related impairments. Plaintiff contends that because it is obvious that the ALJ made no findings regarding the severity of Plaintiff's substance abuse problems at the appropriate steps of his evaluation of her impairments, despite repeatedly having noted their prevalence and severity based upon medical records, the ALJ could not have properly considered the issue.

The Court finds it clear from the ALJ's decision that the ALJ did not evaluate Plaintiff's disabilities pursuant to the required procedures. (Tr. 528-43). As described above, a conditional assessment of disability that fully takes account of a claimant's drug addiction and alcoholism during the five-step evaluation, including use of the special technique, is required before the ALJ proceeds to assess the materiality of drug addiction and alcoholism. *See e.g.*, *Dailey v. Astrue*, 2010 WL 4703599, *7 (W.D.N.Y. Oct. 26, 2010). But the ALJ in this case separated out the impact of Plaintiff's alcohol abuse before completing the five-step evaluation. For example, the ALJ's analysis at step three concludes, in the context of assessing the Plaintiff's mental impairments, but before he explicitly considered the four broad paragraph B criteria for assessing mental functions, that:

> The record shows that [the Plaintiff] is a chronic alcoholic in severe denial of her problem and that alcohol abuse is the sole source of her emotional limits.

(Tr. 536; *see also* Tr. 534-36). This conclusion, among others in the ALJ's decision, shows that the ALJ discounted plaintiff's mental impairments due to her chronic alcoholism without first assessing her mental impairments with alcoholism, contrary to the protocol required by 20 C.F.R. § 416.935. (Tr. 531-36). Particularly because the ALJ considered the paragraph B functions without first including the impact of Plaintiff's chronic alcoholism in assessing the Plaintiff's mental impairments, the ALJ committed procedural error[1].

The five-step evaluation, using the special technique, and the alcoholism-materiality-determination protocol all serve as scaffolds for an ALJ's reasoning. They are regulatory frameworks for an ALJ's reasoning that, when attended to, show the reasoning on required topics in a specific sequence that is consistent with the topics and sequence of other ALJs' reasoning on similar issues. They are time consuming to apply explicitly, particularly when a claimant has a difficult complex of different alleged impairments and potentially disqualifying chronic alcoholism and drug abuse, as the Plaintiff does in this case, but attending to the procedures mandated by the regulations facilitates consistent decision making by ALJs and consistent administrative and judicial review.

In this case, the Court is unable to determine whether substantial evidence would support the ALJ's determinations of the seriousness of Plaintiff's cognizable

---

[1] The Second Circuit recently repeated that it has "frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination [and that] this concern is even more pronounced in the context of mental illness where . . . a one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, No. 17-3247, 2019 WL 2273574 *5 (2d Cir. May 29, 2019). That repeated caution is pertinent because the ALJ seems to have relied heavily upon a consultative psychologist's single examination in assessing Plaintiff's mental functioning pursuant to the Paragraph B factors. (Tr. 535-36 (citing Ex. 32F)).

impairments and his ultimate determination that Plaintiff was not disabled.  The Court is cognizant that it is a claimant's burden to show that drug addiction or alcoholism is not a contributing factor material to a determination of disability, assuming a conditional determination of disability is made pursuant to 20 C.F.R. § 416.935.  *Newsome v. Astrue*, 817 F. Supp. 2d 111, 126–27 (E.D.N.Y. 2011) (citing cases).  Accordingly, although the ALJ's procedural error may have been a harmless error, the Court is unable to find the error harmless on this record.

## CONCLUSION

Based on the foregoing, Plaintiff Sheila A. Cyman's motion pursuant to Fed. R. Civ. P. for judgment on the pleadings (Dkt. No. 10) is granted and the case is remanded.  The Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 15) is denied.  The Clerk of the Court is directed to enter Judgment remanding this case to the Commissioner.

**IT IS SO ORDERED.**

                                        *s/Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT COURT

Dated:  May 31, 2019